# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL E. MASHBURN, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-929-M |
| | ) | |
| JOHN WHETSEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute the action and to keep the Court apprised of his address.

By order dated October 7, 2010, Plaintiff was directed to complete the necessary service papers and to furnish them to the Clerk of this Court within twenty (20) days of the date of that order. The Clerk mailed a copy of the order and necessary service papers to the Plaintiff that same day. On December 27, 2010, a review of the court filed revealed that the Plaintiff had not complied with the order in that the necessary service papers had not been returned to the Clerk for processing and issuance. Accordingly, Plaintiff was cautioned that failure to obtain service on the Defendants within 120 days of filing of the complaint might result in dismissal of his lawsuit against the Defendants. [Doc. No. 10]. That order was

mailed by the Clerk of Court to the only address which has been provided by Plaintiff, but it was returned as undeliverable. [Doc. No. 11].

A change of address notice is required by Local Civil Rule 5.4 and under that Rule, documents mailed by the Court are deemed delivered if mailed to the last known address given to the Court. It is incumbent on litigants, even pro se litigants, to follow the local rules, especially those as nonburdensome as Local Civil Rule 5.4. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). Plaintiff's lack of interest in maintaining this litigation – as demonstrated by his failure to provide the necessary service papers and/or to inform the Court of his apparent change of address – combined with the Court's inherent power to manage judicial resources warrants dismissal of this action without prejudice. Accordingly, it is recommended that the action be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, it is recommended that this action be dismissed without prejudice. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 28, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned

Magistrate Judge in the captioned matter.

**ENTERED this 8th day of February, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE